86

HERMAN, APPELLANT, *v.* STATE BOARD OF PHARMACY OF OHIO, APPELLEE.

[Cite as Herman v. Bd. of Pharmacy (1971), 27 Ohio Misc. 86.]

(No. 888167—Decided February 18, 1971.)

APPEAL: Common Pleas Court of Cuyahoga County.

*Mr. Fred H. Mandel,* for appellant.
*Mr. Albert Hoguet,* for appellee.

BACON, J. Gerald P. Herman has been a registered pharacist for 20 years, licensed by the State Board of Pharmacy.

Now, can the Pharmacy Board suspend his license solely because on two occasions, once in 1965 and later in 1970, he entered pleas of *nolo contendere* in the U. S. District Court of the Northern District of Ohio for himself individually and, as an officer and majority stockholder, for the Herman Drug Company, to charges that, in 1965, drugs were dispensed in such manner that they were misbranded, and, in 1970, that a cough syrup containing narcotic was dispensed without proper record of the sale. And, that upon these pleas there were

findings of guilty and penalties adjudged under the U. S. Code. The offenses are in the realm of *mala prohibita* rather than in *mala in se*.

In Ohio the rule concerning such a plea tc a criminal offense is provided by R. C. 2937.07. If the plea be "no contest" or words of similar import in pleading to a misdemeanor, the judge requires an explanation of the circumstances from which he may make a finding of guilty or not guilty. The statute concludes with an admonishment in these words:

"Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."

A long dissertation concerning the plea of *nolo contendere* is unnecessary. It has value in criminal cases to avoid exacting an admission that would do the accused great harm in possible subsequent litigation, and to avoid trial with its attendant expense and publicity likely to be adverse regardless of the outcome. Surely there are many cases where a respectable citizen may become technically guilty of a violation of law through ignorance, lack of diligence or some thoughtless action. Is it not just that in a proper case a lawful solution be found to avoid extremely harsh consequences to less culpable misdemeanants? It is true some courts have limited the advantage the plea offers which prohibits its use as an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, civil or criminal, to the formal declaration of the plea itself. Thus they have in later civil or criminal proceedings admitted into evidence the judge's finding of guilt following the plea. This would seem to destroy all reason for the existence of the plea "nolo contendere" or "no contest." Nearly every case in which such a plea is entered a finding of guilt or conviction follows. When then would the prohibition the plea imports ever operate?

In Ohio every accused has the right to enter such a plea in misdemeanor cases. In federal court it is discretionary whether the judge will accept it. This would appear

to strengthen appellant's position here, as it must be presumed the judge evaluated the circumstances and considered the plea appropriate.

The State Board of Pharmacy, having acted solely upon evidence which public policy declares shall not be available in subsequent actions or proceedings, civil or criminal, must have its order reversed.

*Order reversed.*